## UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| EVA S. GALLAWAY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 06-CV-412-SAJ |
| | ) |
| MICHAEL J. ASTRUE, | ) |
| Commissioner of Social Security | ) |
| Administration,[1/] | ) |
| | ) |
| Defendant. | ) |

### OPINION AND ORDER[2/]

Pursuant to 42 U.S.C. § 405(g), Plaintiff appeals the decision of the Commissioner denying Social Security benefits. Plaintiff asserts that the Administrative Law Judge ("ALJ") failed to (1) perform a proper credibility determination; (2) perform a proper determination at step 4 of the sequential evaluation process; and (3) to fully and fairly develop the record. For the reason discussed below, the Court **reverses and remands** the Commissioner's decision for further proceedings consistent with this opinion.

### 1. FACTUAL AND PROCEDURAL HISTORY

Plaintiff, Eva S. Gallaway, was born August 22, 1954. [*E.g.*, R. 133, 357]. Although she initially claimed that she was unable to work due solely to a back injury and degenerative disc disease [R. 142], she later claimed depression as a disabling impairment as well. [R. 370]. Her relevant prior work history shows that she was a retail cashier. [R.

---

[1/]  Effective February 1, 2007, pursuant to Fed. R. Civ. P. 25(d)(1), Michael J. Astrue, Acting Commissioner of Social Security, is substituted for Jo Anne B. Barnhart as the defendant in this action. No further action need be taken to continue this suit by reason of the last sentence of section 42 U.S.C. § 405(g) of the Social Security Act.

[2/]  This Order is entered in accordance with 28 U.S.C. § 636(c) and pursuant to the parties' Consent to Proceed Before United States Magistrate Judge.

143, 151]. She is also an honorably discharged veteran of the United State military. [R. 359].

Plaintiff filed for disabled widow's social security benefits and supplemental security income benefits on May 18, 2004. [R. 132-34, 275-76]. She alleged that she became disabled on January 1, 1997. [R. 133, 138]. Her applications were denied initially and upon reconsideration, and she requested a hearing before an ALJ. That request was granted, and a hearing was held on February 1, 2006. [R. 352-86]. ALJ Stephen C. Calvarese issued a decision denying benefits on February 23, 2006, concluding that Plaintiff was not disabled within the meaning of the Social Security Act. [R. 12-20]. Plaintiff filed a Request for Review of Hearing Decision, which the Appeals Court denied June 29, 2005. [R. 4-6]. Plaintiff now seeks judicial review.

## 2. SOCIAL SECURITY LAW AND STANDARD OF REVIEW

The Commissioner has established a five-step process for the evaluation of social security claims. *See* 20 C.F.R. §§ 404.1520, 416.920. Disability under the Social Security Act is defined as the

> inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment . . . .

42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social Security Act only if his

> physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work in the national economy. . . .

42 U.S.C. § 423(d)(2)(A).[3]

The Commissioner's disability determinations are reviewed to determine (1) if the correct legal principles have been followed, and (2) if the decision is supported by substantial evidence. *See* 42 U.S.C. § 405(g); *Bernal v. Bowen*, 851 F.2d 297, 299 (10th Cir. 1988); *Williams v. Bowen*, 844 F.2d 748, 750 (10th Cir. 1988). The Court, in determining whether the decision of the Commissioner is supported by substantial evidence, does not examine the issues *de novo*. *Sisco v. United States Dept. of Health and Human Services*, 10 F.3d 739, 741 (10th Cir. 1993). The Court will "neither reweigh the evidence nor substitute its judgment for that of the Commissioner." *Qualls v. Apfel*, 206 F.3d 1368, 1371 (10th Cir. 2000); *see Glass v. Shalala*, 43 F.3d 1392, 1395 (10th Cir. 1994). The Court will, however, meticulously examine the entire record to determine if the Commissioner's determination is rational. *Williams*, 844 F.2d at 750; *Holloway v. Heckler*, 607 F. Supp. 71, 72 (D. Kan. 1985).

"The finding of the Secretary[4] as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). Substantial evidence is that amount and type

---

[3] Step One requires the claimant to establish that he is not engaged in substantial gainful activity (as defined at 20 C.F.R. §§ 404.1510, 416.910 and 404.1572, 416.972). Step Two requires that the claimant demonstrate that he has a medically severe impairment or combination of impairments that significantly limit his ability to do basic work activities. *See* 20 C.F.R. §§ 404.1521, 416.972. If claimant is engaged in substantial gainful activity (Step One) or if claimant's impairment is not medically severe (Step Two), disability benefits are denied. At Step Three, claimant's impairment is compared with those impairments listed at 20 C.F.R. Pt. 404, Subpt. P, App. 1 (the "Listings"). If a claimant's impairment is equal or medically equivalent to an impairment in the Listings, claimant is presumed disabled. If a Listing is not met, the evaluation proceeds to Step Four, where the claimant must establish that his impairment or the combination of impairments prevents him from performing his past relevant work. A claimant is not disabled if the claimant can perform his past work. If a claimant is unable to perform his previous work, the Commissioner has the burden of proof (Step Five) to establish that the claimant, in light of his age, education, and work history, has the residual functional capacity ("RFC") to perform an alternative work activity in the national economy. If a claimant has the RFC to perform an alternate work activity, disability benefits are denied. *See Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987); *Williams v. Bowen*, 844 F.2d 748, 750-51 (10th Cir. 1988).

[4] Effective March 31, 1995, the functions of the Secretary of Health and Human Services ("Secretary") in social security cases were transferred to the Commissioner of Social Security. P.L. No. 103-296. For the purpose of this Order, references in case law to "the Secretary" are interchangeable with "the Commissioner."

of evidence that a reasonable mind will accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Williams*, 844 F.2d at 750. In terms of traditional burdens of proof, substantial evidence is more than a scintilla, but less than a preponderance. *Perales*, 402 U.S. at 401. Evidence is not substantial if it is overwhelmed by other evidence in the record. *Williams*, 844 F.2d at 750.

This Court must also determine whether the Commissioner applied the correct legal standards. *Washington v. Shalala*, 37 F.3d 1437, 1439 (10th Cir. 1994). The Commissioner's decision will be reversed when he uses the wrong legal standard or fails to clearly demonstrate reliance on the correct legal standards. *Glass*, 43 F.3d at 1395.

### 3.  ADMINISTRATIVE LAW JUDGE'S DECISION

The ALJ determined that Plaintiff's degenerative disc disease and depression were "severe" impairments but, these impairments, individually or in combination, did not meet or medically equal one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. [R. 18]. He specifically considered Listings 12.04 and 1.04. [*Id.*] Finding Plaintiff's testimony as to her pain "not entirely credible," the ALJ determined that Plaintiff had the residual functional capacity ("RFC"), to lift and/or carry 20 pounds occasionally and 20 pounds frequently; stand and/or walk for a total of about 6 hours in an 8-hour workday; sit for a total of about 6 hours in an 8-hour workday; and occasionally stoop; as well as a moderate limitation in her ability to understand and remember detailed instructions and carry out detailed instructions. [*Id.*] At step four of the sequential evaluation process, the ALJ adjudged Plaintiff capable of performing past relevant work as a cashier, as such work does not require the performance of work-related activities precluded by the Plaintiff's RFC. [R. 19]. He concluded that claimant had not been under a "disability," as that term is

defined in the Social Security Act, from January 1, 1997, through the date of his decision. [R. 20].

## 4. REVIEW

Plaintiff asserts that the ALJ failed to perform a proper credibility determination as to her allegations of disabling pain. While Plaintiff's lengthy argument in this regard is somewhat misleading and unpersuasive, embedded in the argument is one troubling aspect of the ALJ's decision: his failure to mention that the VA found Plaintiff's degenerative disc disease 60% disabling and thus, deemed her eligible for Dependents' Educational Assistance due to her "total service-connected disability, permanent in nature."[5] [R. 174]. The 10th Circuit has remanded where an ALJ failed to consider a VA disability rating of 50% given to a Social Security claimant alleging degenerative joint disease and a mental impairment as disabling. *Baca v. Dep't of Health and Human Servs.*, 5 F.3d 476, 480 (10th Cir. 1993). "Although findings by other agencies are not binding on the Secretary, they are entitled to weight and must be considered." *Id.* (quoting *Fowler v. Califano*, 596 F.2d 600, 603 (3rd Cir. 1979)). While the Court expresses no opinion on whether the Plaintiff's VA rating would be entitled to controlling weight, the Court is compelled to reverse and remand on this limited issue so that the ALJ can make that determination.

Accordingly, the Court declines to address remaining arguments other than to note that there may be some discrepancy between the reasoning level required for the job of cashier and the ALJ's mental RFC assessment of Plaintiff. On remand, the ALJ may wish

---

[5] Plaintiff testified that she alleges disability as of January 1, 1997, because that is the date the VA determined her to be 100% disabled. [R. 359]. However, the VA's "Rating Decision" shows that she became entitled to receive benefits effective May 9, 2000, "the day evidence first shows she became permanently and totally disabled." [R. 175].

to address that issue.  The Commissioner's decision is hereby **reversed and remanded** for further proceedings consistent with this opinion.

It is so ordered this 28th day of September, 2007.

*Sam A. Joyner*
Sam A. Joyner
United States Magistrate Judge